ORIGINAL

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

FILED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

DEC 2 7 2010

JAMES N. HATTEN, Clerk
By: _____ Deputy Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL ACTION |
| v. | : | |
| PAULINE WILTSHIRE | : | NO. 1-10-MJ-1970 |

### GOVERNMENT'S MOTION FOR DETENTION

Comes now the United States of America, by and through its counsel, Sally Quillian Yates, United States Attorney, and Michael V. Herskowitz, Assistant United States Attorney for the Northern District of Georgia, and pursuant to 18 U.S.C. §§ 3142(e) and (f) moves for detention for the above-captioned defendant.

1. Eligibility of Case.

This case is eligible for a detention order because this case involves:

\_\_\_\_\_   Crime of violence (18 U.S.C. § 3156)

__X__   Maximum sentence of life imprisonment or death

__X__   10 + year drug offense

\_\_\_\_\_   Felony, with two prior convictions in the above categories

__X__   Serious risk the defendant will flee

\_\_\_\_\_   Serious risk of obstruction of justice

2.   <u>Reason for Detention.</u>

The Court should detain defendant because there are no conditions of release that will reasonably assure:

__X__      Defendant's appearance as required

__X__      Safety of any other person and the community


3.   <u>Rebuttable Presumption.</u>

The United States will invoke the rebuttable presumption against defendant under § 3142(e). The presumption applies because:

__X__      There is probable cause to believe defendant committed 10 + year drug offense.

_____      There is probable cause to believe defendant committed an offense in which a firearm was used, carried, or possessed under § 924(c).

_____      Defendant has been charged with a federal offense that is described in § 3142(f)(1), and

(1) defendant has been convicted of a Federal offense that is described in § (f)(1) of this section, or of a State or Local offense that would been an offense described in § (f)(1) of this section if a circumstance giving rise to Federal jurisdiction had existed;

2

       (2) the offense described in paragraph (1) was committed while defendant was on release pending trial for a Federal, State or local offense; and

       (3) A period of not more than five years has elapsed since the date of conviction, or the release of the person from imprisonment, for the offense described in paragraph (1), whichever is later.

\_\_\_\_\_    [Circle one] This is an offense involving a minor under 18 U.S.C. § 1201, or an offense under 18 U.S.C. § 1591, 2241, 2242, 2244(a)(1), 2245, 2251, 2251A, 2252(a)(1), 2252(a)(2), 2252(a)(3), 2252A(a)(1), 2252A(a)(2), 2252A(a)(3), 2252A(a)(4), 2260, 2421, 2422, 2423 or 2425.

4. <u>Time for Detention Hearing.</u>

The United States requests the Court conduct the detention hearing:

\_\_\_\_\_    At the initial appearance.

  X    After continuance of  1  day (not more than 3).

The Government requests leave of Court to file a supplemental motion with additional grounds or presumption for detention should this be necessary.

3

Dated: this 27ᵗʰ day of December 2010.

Respectfully submitted,

SALLY QUILLIAN YATES
UNITED STATES ATTORNEY

MICHAEL V. HERSKOWITZ
ASSISTANT U.S. ATTORNEY
600 U.S. Courthouse
75 Spring Street, SW
Atlanta, Georgia 30303
(404) 581-6071
Ga. Bar No. 349515

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing has been provided to counsel for the defendant at her initial appearance.

MICHAEL V. HERSKOWITZ
ASSISTANT U.S. ATTORNEY
